UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 2 3 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Karen McBrien,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action No. 09-197 (UNA)
                                        )
Federal Bureau of Investigation et al., )
                                        )
        Defendants.                     )

## MEMORANDUM OPINION AND ORDER

Plaintiff, pro se, has moved for reconsideration of the final order entered February 3, 2009, dismissing her complaint as frivolous. Plaintiff refers to both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. For the reasons stated, her motion will be denied.

A motion under Rule 59(e) must be filed within 10 days of entry of judgment. "Rule 59(e) motions are expressly limited to the 10-day period following entry of judgment, and the District Court simply has no power to extend that time limitation." *Center for Nuclear Responsibility, Inc. V. U.S. Nuclear Regulatory Comm'n,* 781 F.2d 935, 941 (D.C. Cir. 1986). Accordingly, the plaintiff's motion must be denied as untimely to the extent that it was intended as a Rule 59(e) motion. A motion for relief from judgment under Rule 60(b) need not be filed within 10 days of the entry of judgment, and — because the plaintiff did not specify under which provision she was moving — her motion for reconsideration will be treated as one filed under Rule 60(b)(6), which allows a court to alter or provide relief from a final order "upon such terms as are just," for any "reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

A motion under Rule 60(b)(6) should only be used in "extraordinary circumstances." *Pioneer Investment Serv. Co. v. Brunswick Assoc. Limited Partnership,* 507 U.S. 380, 393

(N)

6

(1993); *see also, Kramer v. Gates,* 481 F.3d 788, 792 (D.C. Cir. 2007) (stating that the remedy

should be "sparingly used"). The plaintiff's motion does not provide any basis in fact or in law

for granting the motion. The motion merely restates the allegations in her complaint, which were

dismissed because they describe fantastic or delusional scenarios that are clearly baseless and

wholly incredible. Accordingly, it is hereby

ORDERED that the plaintiff's motion under Rule 59(e) or Rule 60(b)(6) is DENIED.


Date: 7/21/09

United States District Judge